IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ANTHONY R. MCGIVERY, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:14cv00057 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| RANDALL C. MATHENA, *et al.*, | ) | By:   Michael F. Urbanski |
|     Defendant. | ) |         United States District Judge |

Plaintiff Anthony R. McGivery, a Virginia inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendants violated his rights by searching his cell, destroying and stealing his property, and failing to provide him dinner on one occasion. The court finds that McGivery's allegations fail to state a claim and, therefore, dismisses this action without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

**I.**

McGivery alleges that on October 20, 2013, the defendants searched his cell, damaged his property, and stole twenty-one postage stamps. McGivery argues that the search was "illegal, unprovoked, and violated institutional policies."

Later that same day, when McGivery received his dinner tray, he noticed that his meat was raw. McGivery complained and one of the defendants took the tray and said that he would bring McGivery a new tray. However, McGivery states that he never received a replacement tray and consequently "experience[d] fatigue, headaches, and dizziness" after missing dinner that night. McGivery notes that he did receive a breakfast tray the next morning and he does not allege that he missed any other meals.

**II.**

McGivery complains that the search of his cell was "illegal." While the Fourth Amendment protects against "unreasonable searches and seizures," McGivery has no cognizable expectation of privacy in his prison cell, and thus, the Fourth Amendment offers no protection against such a search and seizure. DeBlasio v. Johnson, 128 F.Supp. 2d 315, 325 (E.D. Va. 2000) ("[T]he Fourth Amendment does not establish a right to privacy in prisoners' cells"), aff'd, 13 F. App'x 96 (June 27, 2001); see Hudson v. Palmer, 468 U.S. 517, 528 n. 8 (1984) (recognizing the same about a seizure of property during the search of a cell). Accordingly, the court finds that McGivery's allegation does not state a cognizable § 1983 claim.

**III.**

McGivery also complains that in searching his cell, the defendants destroyed and "stole" his personal property. McGivery alleges that the defendants' actions were in violation of institutional policy. The intentional or negligent deprivation of personal property by a prison employee acting outside the scope of official policy or custom does not rise to the level of a constitutional violation if the state provides an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Parratt v. Taylor, 451 U.S. 527, 545 (1981). In this case, McGivery made use of the institution's post-deprivation remedies by way of the grievance process, and, other state law remedies, including the Virginia Tort Claims Act, were and/or are available to McGivery as a means to seek compensation for his missing stamps and other damaged property. See Wadhams v. Procunier, 772 F.2d 75, 77-78 (4th Cir. 1985) (holding the remedies available under the Virginia Tort Claims Act to be sufficient post-deprivation remedies); Ballance v. Young, 130 F. Supp. 2d 762, 767 (W.D. Va. 2000). Accordingly, because there are state remedies capable of addressing McGivery's alleged injury, the court finds that to

the extent the defendants intentionally or negligently deprived him of his personal property, he has failed to state a cognizable constitutional claim.

## IV.

Finally, McGivery complains that the defendants failed to serve him dinner on one occasion. The Eighth Amendment, applicable to the states through the Due Process Clause of the Fourteenth Amendment, prohibits "cruel and unusual punishment" of those convicted of crimes. Wilson v. Seiter, 501 U.S. 294 (1991) (citing Robinson v. California, 370 U.S. 660, 666 (1962)). In Wilson, the Court identified two elements necessary to support an Eighth Amendment claim challenging prison conditions: first, an objective element, i.e., whether the deprivation was sufficiently serious to constitute cruel and unusual punishment; and second, a subjective element, i.e., whether the officials acted with a sufficiently culpable state of mind. Id. To meet the objective element, a plaintiff must allege facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Strickler v. Waters, 989 F.2d 1375, 1380-81 (4th Cir. 1993); Helling v. McKinney, 509 U.S. 25 (1993).

Allegations of inadequate prison food service may be sufficient to state a cognizable claim under § 1983, as long as the deprivation is serious. Shrader v. White, 761 F.2d 975, 986 (4th Cir. 1985); Bolding v. Holshouser, 575 F.2d 461, 465 (4th Cir. 1978) (prisoner's allegation of failure to provide adequate sanitary food service facilities states a cognizable claim); French v. Owens, 777 F.2d 1250, 1255 (7th Cir. 1985) (finding that inmates are entitled to receive nutritionally adequate food). Failure to meet an inmate's basic nutritional needs is cruel and unusual punishment because the inmate relies on prison officials to provide food; if the officials

3

fail to do so, the inmate's basic nutritional needs will not be met. Cf. Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Under some circumstances, therefore, inadequate food service can be sufficiently serious to satisfy the objective element of an Eighth Amendment claim. However, occasional, short-lived problems with prison food service and isolated instances of inmates missing a meal or two do not implicate the Eighth Amendment. See Islam v. Jackson, 782 F.Supp. 1111, 1114 (E.D. Va. 1992) (finding that inmate's missing one meal as isolated event did not state Eighth Amendment violation); Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) ("The fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation."). Inasmuch as McGivery alleges that he was denied only one meal on one occasion, the court finds that he has failed to allege a sufficiently serious deprivation giving rise to a constitutional claim.[1]

## V.

McGivery has also moved for preliminary injunctive relief. Preliminary injunctive relief is an extraordinary remedy that courts should apply sparingly. See Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 811 (4th Cir. 1991). As a preliminary injunction

---

[1] Although he does not allege facts to support them, McGivery alleges, in passing, that the defendants retaliated against him and violated his right to equal protection in failing to provide him dinner. To the extent McGivery alleges that the defendants retaliated against him in response to him filing institutional grievances concerning his personal property, it fails. It is well settled that state officials may not retaliate against an inmate for exercising his constitutional rights. See American Civ. Liberties Union v. Wicomico County, 999 F.2d 780, 785 (4th Cir. 1993). However, in order to sustain a cognizable retaliation claim under § 1983, an inmate must point to specific facts supporting his claim of retaliation. White v. White, 886 F.2d 271 (4th Cir. 1989). "[B]are assertions of retaliation do not establish a claim of constitutional dimension." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (federal courts should regard inmate claims of retaliation with "skepticism"). First, inmates do not have a constitutional right to participate in grievance proceedings. Id. Second, McGivery's allegations are far too vague and conclusory to support a retaliation claim. Accordingly, the court finds that McGivery's retaliation claim fails.
  To the extent McGivery alleges that the defendants violated his right to equal protection, it also fails. To establish an equal protection violation, a plaintiff must first demonstrate that he or she has been "treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination;" once this showing is made, the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny. See Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). McGivery has not demonstrated that he was treated differently from similarly situated prisoners or that the defendants intended to treat him unequally. Thus, the court finds that McGivery's equal protection claim fails.

temporarily affords an extraordinary remedy prior to trial that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate: (1) by a "clear showing," that he is likely to succeed on the merits at trial; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. See Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Inasmuch as the court has already determined that McGivery's allegations fail to state a claim upon which relief may be granted, the court finds that McGivery has not demonstrated, by a clear showing, that he is likely to succeed on the merits at trial. Moreover, McGivery's allegations do not demonstrate the existence of any irreparable injury. Accordingly, his request preliminary injunctive relief is denied.

## VI.

For the reasons stated herein, the court dismisses McGivery's complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim and denies his request for preliminary injunctive relief.

Entered: July 1, 2014

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge